**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

NATALIE GONZALEZ,                    )
                                     )
            **Plaintiff,**                    )
                                     )
v.                                   )          **Case No. 26-CV-231-CVE-CDL**
                                     )
SHANTONU BASU,                       )
                                     )
            **Defendants.**                   )

## OPINION AND ORDER

Now before the court is plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff Natalie Gonzalez, proceeding pro se, has filed this case alleging that defendant Shantonu Basu engaged in an ex parte communication, and she seeks $100,000 in damages. Dkt. # 2, at 1. The complaint provides no other information about the factual or legal basis for plaintiff's claims

Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (defining federal subject-matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case"). The party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991)); McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936). Even if a party has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

A court may raise the issue of subject-matter jurisdiction <u>sua</u> <u>sponte</u> and at any stage of litigation. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, <u>sua</u> <u>sponte</u>, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."). Under Federal Rule of Civil Procedure 12(h)(3), if a court raises the issue of subject-matter jurisdiction and finds that it lacks jurisdiction, it must dismiss the case.

In cases where the proponent of federal subject-matter jurisdiction is proceeding <u>pro</u> <u>se</u>, as plaintiff is here, a court must hold that litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court is in no position to " supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Put differently, this liberal standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court has reviewed plaintiff's complaint (Dkt. # 1) and finds no basis to exercise jurisdiction over this case. Plaintiff's sole factual allegation is that the defendant "engaged in ex parte communication." Dkt. # 1, at 1. Plaintiff cites no legal authority, such as a federal statute or constitutional provision, and it does not appear that she is attempting to state a claim arising under federal law. Therefore, the Court cannot exercise federal question jurisdiction over this case. Likewise, plaintiff fails to allege that complete diversity exists among the parties, even though she

has alleged that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Plaintiff does not allege the citizenship of any party, and the Court lacks diversity jurisdiction over this case. Plaintiff has not alleged any basis for the Court to exercise subject-matter jurisdiction over this case, and this case is dismissed for lack of subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 29th day of April, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3